UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

R.R., individually and on behalf of KR.A. and KA.A., children with a disability,

    *Plaintiff*,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

    *Defendant.*

**COMPLAINT**

Case No.

---

  R.R., individually and on behalf of KR.A. and KA.A., children with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1.  This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2.  Plaintiffs R.R. and KR.A. and KA.A reside in Queens County, State of New York.

3.  KR.A. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4.  KA.A is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5.  R.R. is the parent of KR.A. and KA.A. as defined by IDEA, 20 U.S.C. § 1401(23).

6.  Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

9. KR.A. was born in 2005.

10. KA.A. was born in 2005

11. KR.A. has been classified as a student with autism by Defendant's Committee on Special Education.

12. KA.A. has been classified as a student with autism by Defendant's Committee on Special Education.

## DUE PROCESS PROCEEDING FOR KA.A

13. By due process complaint (DPC) to the Defendant dated August 20, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

14. The matter was assigned case number 211731.

15. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide KA.A. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2021-2022 school year.

16.     As relief, Plaintiff's DPC requested, among other things, that the impartial hearing officer issue a pendency order, that the Department conduct an assistive technology evaluation, occupational therapy evaluation, physical therapy evaluation, and speech language evaluation, Department fund independent evaluations for adaptive physical education evaluation at a cost not to exceed $950 and an independent neuropsychological evaluation at a cost of $5,000, hold an IEP team meeting to consider the evaluations, and the Department fund the Student's tuition at Gersh Academy directly to the school, provide transportation services, and compensatory services.

17.     The Defendant appointed James McKeever as impartial hearing officer (IHO) on December 23, 2021.

18.     IHO McKeever held a status hearing on December 29, 2021, and April 6, 2022, for the purposes of discussing the issues raised in the Plaintiff's DPC.

19.     IHO McKeever held a hearing on pendency on February 3, 2022, during which the Defendant failed to appear, the issue of pendency was discussed, and the IHO issued a pendency order issued by default.

20.     IHO McKeever held a hearing on the merits on May 19, 2022, during which, Defendant did not disclose anything and did not appear. Plaintiff made an opening statement and entered forty-two (42) exhibits into the record including three witness affidavits.

21.     On May 27, 2022, Plaintiff filed a sixteen-page closing brief per IHO McKeever's request. The Defendant did not submit a closing brief.

22.     On June 23, 2022, IHO McKeever issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, the Defendant conduct assistive technology, occupational therapy, physical therapy, speech-language therapy, and adaptive physical education evaluations,  funding by Defendant for an independent neuropsychological

evaluation at a cost not to exceed $6,000, Defendant to convene a meeting of the Student's IEP team to consider the evaluations, Defendant fund the cost of the Student's tuition to Private School paid directly to the school, Defendant provide special education transportation with one-to-one paraprofessional services, Defendant provide compensatory services in the form of extended eligibility for 2 months, and Defendant provide mileage reimbursement for transportation costs that the Plaintiff incurred.

## DUE PROCESS PROCEEDING FOR KR.A

23. By due process complaint (DPC) to the Defendant dated September 24, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

24. The matter was assigned case number 218259.

25. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide KR.A. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2021-2022 school year.

26. As relief, Plaintiff's DPC requested, among other things, that the impartial hearing officer issue a pendency order, that the Department provide the Student with transportation accommodation and services, that the Department pay directly to Gersh Academy the Student's tuition, and that the Department fund compensatory ABA services and post-secondary transition services at an enhanced rate.

27. After, several months, the Defendant appointed Israel Wahrman as impartial hearing officer (IHO) on February 15, 2022.

28. IHO Wahrman held a status hearing on March 9, 2022, for the purposes of discussing the issues raised in the Plaintiff's DPC.

29. IHO Wahrman held a hearing on pendency on March 10, 2022, during which the issue of pendency was discuss and Defendant stated there was no objection to the proposed pendency placement.

30. IHO Wahrman held a hearing on the merits on May 16, 2022, during which, Defendant did not disclose any documentary exhibits and did not appear. Plaintiff made an opening statement and entered forty-five (45) exhibits into the record including three witness affidavits, and direct testimony from one witness in support of her case.

31. On September 21, 2022, IHO Wahrman issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, funding by Defendant for the cost of the Student's tuition at Gersh Academy paid directly to the school, reimbursement to the parent for the cost of having transported the student to and from school, and an IEP team meeting within 21 days of receipt of this order to consider the findings of the Independent Vocational Assessment.

### Fee Demands to Defendant in KA.A and KR.A

32. On November 2, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case number 211731(KA.A) to Defendant's Office of Legal Services.

33. On November 17, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for case number 211731 (KA.A) had been received and that attorney Jeni St. George had been assigned to the fee claim.

34. As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel to the fee demand for case No. 211731 (KA.A).

35. On March 20, 2023, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case number 218259 (KR.A) to Defendant's Office of Legal Services.

36. On March 31, 2023, Defendant advised Plaintiff's counsel via email that the fee demand for case number 218259 (KR.A) had been received and that attorney Armelle Hillman had been assigned to the fee claim.

37. As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel to the fee demand for case No. 218259 (KR.A).

## FIRST CAUSE OF ACTION

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff R.R. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

40. Plaintiff R.R. initiated an impartial hearing on behalf of her daughter KA.A. under case number 211731.

41. Plaintiff R.R. prevailed at the impartial hearing by obtaining a decision and order from IHO McKeever ordering the relief sought by Plaintiff in her DPC.

42. On November 2, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

43. After acknowledging the fee demand and assigning a settlement attorney to the demand, there was no attempt to negotiate settlement by the Defendant.

44. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment for attorneys' fees.

## SECOND CAUSE OF ACTION

45. Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff R.R. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

47. Plaintiff R.R. initiated an impartial hearing on behalf of her son KR.A. under case number 218259.

48. Plaintiff R.R. prevailed at the impartial hearing by obtaining a decision and order from IHO Wahrman ordering the relief sought by Plaintiff in her DPC.

49. On March 20, 2023, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

50. After acknowledging the fee demand and assigning a settlement attorney to the demand, there was no attempt to negotiate settlement by the Defendant.

51. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment for attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 211731 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 218259 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(5) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
      May 30, 2023

Respectfully submitted,

s/ Kevin M. Mendillo
CUDDY LAW FIRM, PLLC
Kevin M. Mendillo
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020