UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

R.R., individually and on behalf of KR.A. and KA.A.,  :
children with a disability,

                                                  :

                         Plaintiff,      :   **REPORT AND RECOMMENDATION**

                                                  :

           -v-                  :   Civil Case No. 23-CV-4494 (VEC) (RFT)

                                                  :

NEW YORK CITY DEPARTMENT OF EDUCATION,  :

                                                    :

                      Defendant.     :

-------------------------------------------------------------------X

**To the Honorable Valerie E. Caproni, United States District Judge:**

Pending before the Court is a motion by R.R. on behalf of KR.A. and KA.A. pursuant to

the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), for

attorneys' fees and costs for work performed by the Cuddy Law Firm ("CLF") for two

administrative proceedings and for this proceeding, plus pre- and post-judgment interest. The

New York City Department of Education ("Defendant") opposes the motion, arguing that

Plaintiff is not entitled to recoup attorneys' fees and costs because the requested hourly rates

and the number of hours of work performed are excessive. For the reasons set forth below, I

respectfully recommend that the motion be GRANTED IN PART, to the extent that Plaintiff be

awarded attorneys' fees and costs in the amount of $35,565.23 plus post-judgment interest.

**FACTUAL BACKGROUND**

Plaintiff R.R. is the parent of KA.A. and KR.A., children with a disability as defined by the IDEA, 20 U.S.C. § 1401(3). (*See* ECF 22, Declaration of Andrew Cuddy in Support of Mot. for Summary Judgment ("Cuddy Decl.") ¶¶ 26, 45.)

On August 20, 2021, CLF submitted an initial due process complaint ("Initial DPC") on behalf of R.R., alleging that Defendant had failed to provide KR.A. with a free appropriate public education ("FAPE"). (*See id.* ¶ 29.)[1] The Initial DPC requested, among other relief, that the impartial hearing officer ("IHO") issue a pendency order; that Defendant conduct an assistive technology evaluation, occupational therapy evaluation, physical therapy evaluation, and speech evaluation; that Defendant fund an independent evaluation for adaptive physical education and an independent neuropsychological evaluation; that Defendant hold an Individualized Educational Program ("IEP") team meeting to consider the evaluations; and that

---

[1] The Complaint alleges that KA.A. is the student at issue in case number 211731 and KR.A. is the student at issue in case number 218259. (*See* ECF 1, Compl. ¶¶ 13-14, 23-24.) Plaintiff's reply memorandum in further support of her summary judgment motion indicates that KA.A. is Plaintiff's daughter and KR.A. is Plaintiff's son and says that KA.A.'s administrative case number is 211731 and KR.A.'s administrative case number is 218259. (*See* ECF 34, Pl.'s Reply Mem. at 3 n.5.) However, Plaintiff's opening memorandum in support of the summary judgment motion and the Cuddy Declaration refer to KR.A. as the student at issue in case number 211731 and KA.A. as the student at issue in case number 218259. (*See* ECF 23, Pl.'s Mem. at 2, 4; ECF 22, Cuddy Decl. ¶¶ 26, 45.) The Initial DPC for case number 211731 discusses a female student (*see* ECF 22-22, Cuddy Decl. Ex. 22 at 2) and the Initial DPC for case number 218259 discusses a male student (*see* ECF 22-26, Cuddy Decl. Ex. 26 at 2), but both in Initial DPCs the students' names are redacted as "K.A." (*See* ECF 22-22, Cuddy Decl. Ex. 22 at 1; ECF 22-26, Cuddy Decl. Ex. 26 at 1.) I follow Cuddy's sworn declaration and the attached Initial DPCs and identify KR.A. as Plaintiff's daughter and the student at issue in 211731 and KA.A. as Plaintiff's son and the student at issue in 218259.

Defendant pay KR.A.'s tuition at Gersh Academy directly to the school, provide transportation services, and compensatory services. (*See id.* & Ex. 22 (KR.A. Initial DPC) at 7-9.)

The IHO held a pre-hearing conference on December 29, 2021; a pendency hearing on February 3, 2022, which resulted in a pendency order; and hearings on March 7, April 6, and May 19, 2022. (*See id.* ¶¶ 32, 34, 35.) Defendant stated that it planned to contest the Initial DPC and call a witness but did not do so. (*See id.* ¶ 38.) On May 27, 2022, CLF submitted a closing brief. (*See id.* ¶ 40.) On June 23, 2022, the IHO issued a Findings of Fact and Decision ("FOFD") concluding that Defendant had denied KR.A. a FAPE and ordering relief, including that Defendant: conduct assistive technology, occupational therapy, physical therapy, speech-language therapy, and adaptive physical education evaluations; provide funding for an independent neuropsychological evaluation; convene a meeting of KR.A.'s IEP team to consider the evaluations; pay the cost of KR.A.'s private school tuition directly to the school; provide special education transportation with one-to-one paraprofessional services, compensatory services in the form of extended eligibility for two months, and mileage reimbursement for transportation costs paid by Plaintiff. (*See id.* ¶ 41 & Ex. 25 (KR.A. FOFD) at 7.)

On September 24, 2021, CLF submitted an Initial DPC on behalf of R.R., alleging that Defendant had failed to provide KA.A. with a FAPE. (*See id.* ¶ 48 & Ex. 26 (KA.A. Initial DPC) at 4.) The Initial DPC requested, among other relief, that the IHO issue a pendency order, that Defendant provide KA.A. with transportation accommodation and services, and that Defendant pay KA.A.'s tuition directly to Gersh Academy. (*See id.* & Ex. 25 (KR.A. FOFD) at 6-7.)

The IHO held a pre-hearing conference on March 9, 2022; a pendency hearing on March 10, 2022, which resulted in a pendency order; and a hearing on May 16, 2022. (*See id.* ¶¶ 51-

53.) Defendant did not attend the hearing or advise CLF it did not plan to attend; Defendant also did not inform Plaintiff whether it intended to contest the matter. (*See id.* ¶ 56.)

On September 21, 2022, an IHO issued a FOFD concluding that Defendant had denied KA.A. a FAPE and ordering relief, including that Defendant: pay KA.A.'s private school tuition directly to the school; reimburse the parent for the cost of having transported KA.A. to and from school; and convene an IEP team meeting within 21 days of receipt of the FOFD to consider the findings of an Independent Vocational Assessment. (*See id.* ¶ 57 & Ex. 28 (KA.A. FOFD) at 8.)

On October 11, 2023, Defendant made a settlement offer to Plaintiff for $31,800, which offer was declined. (*See* ECF 29, Marina Moraru Decl. in Opposition ("Moraru Decl.") Ex. 1. (Written Offer) at 1.)

## PROCEDURAL HISTORY

On May 30, 2023, Plaintiff commenced this action, seeking attorneys' fees, costs, and post-judgment interest in connection with the two administrative proceedings and this action. (*See* ECF 1, Compl. ¶¶ 38-51.) Plaintiff is seeking $39,695.18 in fees and costs for the KR.A. administrative matter, which amount reflects a discretionary reduction by CLF of approximately $4000. (*See* ECF 22-19, Cuddy Decl. Ex. 19 (Invoice).) Plaintiff is seeking $28,795.85 in fees and costs for the KA.A. administrative matter, which amount reflects a discretionary reduction by CLF of approximately $3000. (*See* ECF-22-20, Cuddy Decl. Ex. 20 (Invoice).) And Plaintiff is seeking $14,737 in fees and costs for this action, which amount reflects a discretionary reduction by CLF of approximately $700. (*See* ECF-22-21, Cuddy Decl. Ex. 21 (Invoice).)

On January 19, 2024, Plaintiff filed a motion for summary judgment, seeking attorneys' fees and costs, plus post-judgment interest. (*See* ECF 17, Mot. for Summary Judgment; ECF 18,

Affirmation of Barbara Ebenstein in Support ("Ebenstein Aff."); ECF 19, Affirmation of Matthew Delforte in Support ("Delforte Aff."); ECF 20, Declaration of Benjamin Kopp in Support; ECF 21, Declaration of Kevin Mendillo in Support; ECF 22, Cuddy Decl.) That motion was fully briefed as of April 4, 2024. (*See* ECF 23, Pl.'s Mem.; ECF 27, Declaration of Emily Goldman in Opposition ("Goldman Decl."); ECF 28, Declaration of Jay St. George in Opposition; ECF 29, Moraru Decl.; ECF 30, Declaration of Lauren Howland in Opposition; ECF 31, Declaration of Martha Nimmer in Opposition; ECF 32 Def.'s Opp.; ECF 33, Reply Affirmation of Andrew Cuddy; ECF 34, Pl.'s Reply Mem.) Plaintiff seeks $83,228.03 in attorneys' fees and costs, plus post-judgment interest. (*See* ECF 22, Cuddy Decl. at 26.) On May 23, 2024, Plaintiff filed a notice of relevant fee decision. (*See* ECF 35, Notice.)

By Order of Reference dated December 6, 2023, this case was referred to a magistrate judge for general pretrial supervision and dispositive motions. (*See* ECF 16, Order of Reference.) On December 7, 2023, the reference was reassigned to me.

**DISCUSSION**

I.    **Legal Standards**

A.    Summary Judgment

"Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Karnauskas v. Columbia Sussex Corp.*, No. 09-CV-7104 (GBD), 2012 WL 234377, at *2 (S.D.N.Y. Jan. 24, 2012) (quoting Fed. R. Civ. P. 56(c)). The plaintiff bears the burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A fact is

'material' only where it will affect the outcome of the suit under governing law." *Karnauskas*, 2012 WL 234377, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "For there to be a 'genuine' issue about the fact, the evidence must be such 'that a reasonable jury could return a verdict for the nonmoving party.'" *Karnauskas*, 2012 WL 234377, at *2 (quoting *Liberty Lobby*, 477 U.S. at 248).

In deciding whether there is any genuine issue of material fact, the Court draws all inferences in favor of Defendant. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) ("[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."). Declarations in support of or in opposition to summary judgment "must be based on personal knowledge, must 'set forth such facts as would be admissible in evidence,' and must show 'that the affiant is competent to testify to the matters stated therein.'" *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004)). In the absence of record evidence "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is appropriate. *See Catlin v. Sobol*, 93 F.3d 1112, 1116 (2d Cir. 1996).

B.    IDEA Fee Awards

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees" to a prevailing parent of a child with a disability for any action brought pursuant to the statute. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The award of fees and costs "may cover work performed in

6

connection with the hearing, before the district court, and on appeal from the district court."
*R.P.*, 2022 WL 1239860, at *2.

The IDEA, like other federal statutes with fee-shifting provisions, requires courts to "undertake a two-pronged inquiry" when determining whether to award attorneys' fees. *A.B. v. New York City Dep't of Educ.*, No. 20-CV-03129 (SDA), 2021 WL 951928, at *2 (S.D.N.Y. Mar. 13, 2021). First, the judge "must . . . determine whether the party seeking the award is in fact a prevailing party." *Id.* (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006)). Second, if the judge finds the party to have been a prevailing party, "the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *A.B.,* 2021 WL 951928, at *2 (quoting same). A parent seeking fees under the IDEA "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

1.  Prevailing Party

To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned "material alteration of the legal relationship of the parties . . . ." *O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist.*, 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007) (internal quotation marks and citations omitted). "'[T]he prevailing party standard has been interpreted generously by the Supreme Court and the Second Circuit' in terms of the degree of relief required." *B.W. ex rel. K.S. v. New York City Dep't of Educ.*, 716 F. Supp. 2d 336, 345 (S.D.N.Y. 2010) (quoting *D.M. ex rel. G.M. v. Bd. of Educ., Ctr. Moriches Union Free Sch. Dist.*, 296 F. Supp. 2d 400, 403-04 (E.D.N.Y. 2003)). A prevailing party does not need to prevail on all issues but needs to "succeed on any

significant issue on litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* (internal quotations marks and citations omitted).

   2.   Award of Attorney Fees

If a plaintiff is determined to be a prevailing party, the court considers whether an award of attorneys' fees is appropriate and if so, in what amount. The IDEA provides that the fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). In determining reasonable attorneys' fees, the "court must calculate each attorney's 'presumptively reasonable fee,' sometimes referred to as the 'lodestar.'" *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11-CV-5243 (GBD) (FM), 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)). The presumptively reasonable fee may be calculated by multiplying the hours counsel appropriately spent on the litigation by a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When determining a reasonable hourly rate, courts consider the factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Arbor Hill*, 522 F.3d at 186-87; *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018). These factors include:

   (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the

8

circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson*, 488 F.2d at 717-19). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F.*, 2014 WL 1092847, at *3 (internal quotation marks and citations omitted).

To determine the number of hours counsel reasonably spent on the litigation, courts consider "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *O.R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 367 (S.D.N.Y. 2018) (internal quotation marks and citations omitted). The hours reasonably expended should not include hours that are excessive or redundant. *See Hensley*, 461 U.S. at 434.

## II.    Analysis

### A.  Plaintiff Is a Prevailing Party

Defendant does not dispute that Plaintiff was a prevailing party in the administrative proceedings.

### B.  Attorneys' Fees & Costs

Plaintiff seeks $83,228.03 ($39,695.18 for the KR.A. administrative proceeding (case number 211731), $28,795.85 for the KA.A. administrative proceeding (case number 218259), and $14,737.00 for this action, plus post-judgment interest. (*See* ECF 22, Cuddy Decl. at 25-26.) Defendant responds that Plaintiff should be awarded no more than $26,121.83 for the two

administrative actions and this action, if this Court concludes that any payment should be made for this action. (*See* ECF 32, Def.'s Opp. at 3.) For the reasons set forth below, I recommend an award to Plaintiff for attorneys' fees and costs of $35,565.23, plus post-judgment interest.

      1.   Hourly Rate

Plaintiff performs a "holistic" analysis of the *Johnson* factors. (*See* ECF 34, Pl.'s Reply Mem. at 8.) She argues that she is a returning client of CLF with two children; that her cases required review of hundreds of pages of documents and two separate hearings on the merits; that CLF was hired on contingency and the lawyers in charge were highly skilled; that Defendant stated it would contest one child's Initial DPC and refused to inform her of its position on the other child's Initial DPC, requiring CLF to prepare for contested hearings in both matters; and that she obtained most of the relief requested for each child. (*See id.*)

Defendant counters that the matters did not involve complex or novel issues, noting that it did not appear at either administrative hearing; that this was the third consecutive year that CLF had filed a DPC for the student (without clearly specifying which student), suggesting that the work performed was repetitive; that CLF provided no evidence that these matters were undesirable, in that taking them on meant CLF had to forgo working on other more lucrative cases, *see N.G.B. v. New York City Dep't of Educ.*, No. 21-CV-11211 (LJL), 2023 WL 2711753, at *6 (S.D.N.Y. Mar. 30, 2023); and that Plaintiff did not identify any time pressures in connection with these matters. (*See* ECF 32, Def.'s Mem. at 10-16.)

In recommending a reasonable hourly rate, I consider all *Johnson* factors and specifically refer to those most relevant in this case. The Second Circuit has held that, while a court is permitted to consider hourly rates awarded in similar cases, it should also evaluate the

"evidence proffered by the parties," *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005), including the hourly rates for each CLF timekeeper.

### a. Johnson Factors

Several of the *Johnson* factors counsel against an award at the high end of the relevant fee ranges: Plaintiff has not shown that these matters are time and labor intensive compared to other special education matters; the legal issues are not particularly novel or difficult (*see* ECF 27, Goldman Decl. ¶¶ 10, 14) and therefore the matters do not require particularly skilled lawyers; there do not appear to have been significant time limitations; Plaintiff has not demonstrated the undesirability of the matters by showing that CLF forewent more lucrative work to take them on; Plaintiff had a long-term professional relationship with CLF (*see id.* ¶¶ 14, 21); and as set forth below, hourly rates approved as reasonable in similar cases were not at the high end of the relevant ranges, *see infra* Part II.B.1.c.

### b. The Evidence Proffered by the Parties

In providing the rates prevailing in the market, CLF relies primarily upon four sources: (1) the 2022 Real Rate Report ("RRR") published by Wolters Kluwer; (2) the *Laffey* matrix, the original version of which debuted in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983); (3) the 50th Annual Survey of Law Firm Economics ("ASLFE") nationwide Partner/Shareholder rates; and (4) the National Association of Legal Fee Analysis' December 2022 Litigation Hourly Rate Survey & Report ("NALFA Report"). (*See* ECF 23, Pl.'s Mem. at 15-16.) However, this Court has previously found each of these sources to be "problematic" and has declined to award substantial weight to any of them in determining reasonable hourly rates in IDEA cases. *See J.G. v. New York City Dep't of Educ.*, No. 23-CV-959 (PAE), 2024 WL 728626, at

*6-7 (S.D.N.Y. Feb. 22, 2024) (explaining that the RRR's methodology is unclear and its "data is not specific to lawyers specializing in IDEA" litigation; that the *Laffey* matrix is commonly used for litigators in Washington D.C., but the Second Circuit has not approved its use in assessing fees for lawyers working outside the D.C. area; and that both the ASLFE and the NALFA Report do not focus on rates charged by special education litigators).

Additional sources provided by CLF are also unpersuasive, and I do not recommend placing substantial weight on any of them. In particular, CLF cross-references the artificial intelligence tool "ChatGPT." (*See* ECF 20, Kopp Decl. & Ex. A (ChatGPT Report).) CLF relies on ChatGPT's feedback to demonstrate what hourly rates parents might be charged for IDEA litigation. (*See* ECF 20, Kopp Decl. ¶ 7.) Here, CLF's reliance on ChatGPT is inappropriate, because ChatGPT has been shown to be an unreliable resource. *See Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 448 (S.D.N.Y. 2023) (issuing sanctions against attorneys who "submitted non-existent judicial opinions with fake quotes and citations created by the artificial intelligence tool ChatGPT"); *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (referring an attorney to the Second Circuit's Grievance Panel for investigation for submitting a brief that relied on "non-existent" caselaw generated by ChatGPT). In *J.G. v. New York City Department of Education*, Judge Engelmayer rejected CLF's reliance on ChatGPT's conclusions and advised the firm to remove references to ChatGPT from future fee applications. *J.G.*, 2024 WL 728626, at *7.

      c.   *The Experience of the Attorneys, Their Customary Hourly Rates, and Fees Awarded in Similar Case*

I attempt to account for the "reasonable current rates for attorneys of comparable skill, experience, and reputation, and not just the historical rates at the time the services were performed." *M.H. v. New York City Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at

*15 (S.D.N.Y. Oct. 13, 2021) (emphasis omitted), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, *cert. denied*, 144 S. Ct. 490 (2023).

i.    Andrew Cuddy

Plaintiff requests that the Court award $550 per hour for Andrew Cuddy for work done before January 1, 2023 and $600 per hour for work done thereafter. (*See* ECF 22, Cuddy Decl. ¶ 16.) Defendant requests that Andrew Cuddy's hourly rate be reduced to $367.50, except that his rate for all work done on this action be reduced to $200. (*See* ECF 32, Def.'s Opp. at 3-4.)

Andrew Cuddy is an experienced special education litigator who has practiced in that area since 2001. (*See* ECF 22, Cuddy Decl. ¶ 16.) Courts in this District have recently awarded Andrew Cuddy lower rates in similar cases than the rates requested here. *See, e.g., J.G.*, 2024 WL 728626, at *8 (assigning a rate of $400 per hour for Andrew Cuddy); *T.A. v. New York City Dep't of Educ.*, No. 21-CV-7104 (GHW), 2022 WL 3577885, at *5 (S.D.N.Y. Aug. 19, 2022) ($375 per hour); *N.G. v. New York City Dep't of Educ.*, No. 21-CV-8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) ($425 per hour). With regard to the federal case in particular, there is precedent for reducing the hourly rate for work on a simple attorneys' fees application to $200 per hour. *See, e.g., S.F. v. New York City Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *12 (S.D.N.Y. July 13, 2023). Considering awards in similar cases, the difficulty of the questions presented in this matter, other *Johnson* factors, and the case law, I recommend an hourly rate of $400 as reasonable for Andrew Cuddy for the administrative proceedings and an hourly rate of $200 as reasonable for this action.

ii.  Michael Cuddy

Plaintiff requests that the Court award $550 per hour for Michael Cuddy. (*See* ECF 22, Cuddy Decl. ¶ 17.) Defendant requests that Michael Cuddy's hourly rate be reduced to $367.50 (*See* ECF 32, Def.'s Opp. at 3.) Michael Cuddy has practiced special education law since 2009. (*See* ECF 22, Cuddy Decl. ¶ 17.)  Courts in this District have recently awarded Michael Cuddy lower rates in similar cases than the rate requested here. *See, e.g., J.G.*, 2024 WL 728626, at *7 (finding reasonable a rate of $400 per hour for Michael Cuddy, at the "upper bound" of the relevant range, in a contested matter); *S.B. v. New York City Dep't of Educ.,* No. 23-CV-3961 (PAE), 2024 WL 1406559, at *6 (S.D.N.Y. Apr. 2, 2024) (finding reasonable an hourly rate of $400 for Michael Cuddy in a "minimally" contested matter). Considering awards in similar cases, the difficulty of the questions presented in this matter, other *Johnson* factors, and the case law, I recommend an hourly rate of $400 as reasonable for Michael Cuddy.

iii.  Kevin Mendillo ("Mendillo")

Plaintiff requests that the Court award $500 per hour for legal work ($225 for paralegal tasks) for Mendillo, who worked solely on this action. (*See* ECF 22, Cuddy Decl. ¶ 20 & p. 26.) Defendant requests that Mendillo's hourly rate for legal work be reduced to $200 and his hourly rate for paralegal work be reduced to $125. (*See* ECF 32, Def.'s Opp. at 4.) Mendillo has practiced special education law since 2014. (*See* ECF 22, Cuddy Decl. ¶ 20.) I recommend an hourly rate of $200 for legal work and $125 for paralegal work as reasonable for Mendillo, given that his work was limited to this matter, which is a simple attorneys' fees application. *See, e.g., S.F.*, 2023 WL 4531187, at *12.

14

iv.  Kenneth Bush ("Bush")

Plaintiff seeks an hourly rate of $450 for Bush. (*See* ECF 22, Cuddy Decl. at 26.) Defendant argues that Bush, who worked solely on this matter (a simple attorneys' fees application), should receive an hourly rate of $200. (*See* ECF 32, Def.'s Opp. at 4.) Bush has practiced special education law since 2016. (*See* ECF 22, Cuddy Decl. ¶ 21.) I recommend an hourly rate of $200 as reasonable for Bush, given that his work was limited to this matter, which is a simple attorneys' fees application. *See, e.g., S.F.,* 2023 WL 4531187, at *12.

v.  Britton Bouchard ("Bouchard")

Plaintiff requests that the Court award $375 per hour for Bouchard. (*See* ECF 22, Cuddy Decl. ¶ 19.) Defendant requests that Bouchard's hourly rate be reduced to $168.00 (*See* ECF 32, Def.'s Opp. at 4-5.) Bouchard practiced special education law from 2020 to 2022. (*See* ECF 22, Cuddy Decl. ¶ 19.) Courts in this District have recently awarded Bouchard lower rates in similar cases than the rate requested here. *See, e.g., M.M. v. New York City Dep't of Educ.,* No. 20-CV-6915 (ER), 2022 WL 3043218, at *9 (S.D.N.Y. Aug. 2, 2022) ($225 per hour); *C.M. v. New York City Dep't of Educ.,* No. 21-CV-5799 (VSB) (BCM), 2022 WL 21770558, at *9 (S.D.N.Y. Aug. 29, 2022) (noting that courts in this district have recently found reasonable hourly rates in the range of $200-225 for Bouchard). Considering awards in similar cases, the difficulty of the questions presented in this matter, and that "courts typically award fees at the bottom of the customary fee range," I recommend an hourly rate of $200 as reasonable for Bouchard.

vi.  John Cuddy

Plaintiff requests that the Court award $375 per hour for John Cuddy. (*See* ECF 22, Cuddy Decl. ¶ 18.) Defendant requests that John Cuddy's hourly rate be reduced to $168.00 (*See* ECF

15

32, Def.'s Opp. at 4-5.) John Cuddy has practiced special education law since 2017. (*See* ECF 22, Cuddy Decl. ¶ 18.) Courts in this District have recently awarded John Cuddy lower rates in similar cases than the rate requested here. *See, e.g., M.M.,* 2022 WL 3043218, at *9 (S.D.N.Y. Aug. 2, 2022) ($200 per hour); *F.N. v. New York City Dep't of Educ.*, No. 21-CV-3379 (JPO), 2022 WL 3544128, at *4 (S.D.N.Y. Aug. 18, 2022) ($150 per hour). Considering awards in similar cases, the difficulty of the questions presented in this matter, and that "courts typically award fees at the bottom of the customary fee range," I recommend an hourly rate of $200 as reasonable for John Cuddy.

vii. Paralegals

Plaintiff seeks a customary blended paralegal rate of $225 per hour for its paralegals' work. (*See* ECF 22, Cuddy Decl. ¶¶ 23-25.) Shobna Cuddy is the senior paralegal for all of CLF's offices and has been the administration paralegal since 2012. (*See id.* ¶ 23.) Caitlin O'Donnell was a paralegal between November 2019 and September 2022. (*See id.* ¶ 24.) ChinaAnn Reeve has been at CLF since August 2021. (*See id.* ¶ 25.) Defendant proposes an hourly rate of $100. (*See* ECF 32, Def.'s Opp. at 4-5.) Similar cases in this District have approved somewhat lower hourly rates for CLF's paralegals than Plaintiff is requesting. *See, e.g., J.G.*, 2024 WL 728626, at *10 (assigning a rate of $125 per hour for Shobna Cuddy and a rate of $110 per hour for other paralegal work); *H.C. v. New York City Dep't of Educ.,* No. 20-CV-0844 (JLC), 2021 WL 2471195, at *7 (S.D.N.Y June 17, 2021) (assigning a rate of $100 per hour for all paralegal work); *N.G.*, 2024 WL 133615, at *4 (assigning a rate of $125 for Shobna Cuddy per hour and a rate of $100 per hour for other paralegals). I recommend a rate of $125 per hour as reasonable for Shobna

Cuddy and Mendillo's paralegal work and a rate of $110 per hour as reasonable for all other paralegal work.

### 2. Reasonable Hours Expended

CLF attorneys expended 176.5 hours on the two administrative cases and 31.6 hours on this action. (*See* ECF 22, Cuddy Decl. at 25-26.) Defendant contends that Plaintiff's billing records indicate excessive billing, arguing for a 30% reduction in time billed for the administrative cases and an 80% reduction in time billed for this action. (*See* ECF 32, Def.'s Opp. at 3-5.) Plaintiff argues that a reduction is not warranted based on the *Johnson* factors and other relevant considerations. (*See* ECF 34, Pl.'s Reply Mem. at 8-9.)

When determining the number of reasonable hours expended, "the district court may exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *H.C.*, 71 F.4th at 126 (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)). The "court also 'has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Id.* (quoting same). However, the fee determination should not lead to a second major litigation and "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### a. Administrative Proceedings

Plaintiff argues that the two administrative cases involve two different children and required review of hundreds of pages of documents and two separate hearings, justifying the hours billed. (*See* ECF 34, Pl.'s Reply Mem. at 8.) In response to Defendant's arguments that the cases involved routine requests for relief, that Plaintiff (represented by CLF) had made similar requests for relief for these children in prior years and that Defendant did not appear at the

hearings (*see* ECF 32, Def.'s Opp. at 10), Plaintiff points out that Defendant's decision not to attend the hearings was made at the last minute and did not relieve CLF of the need to prepare for those hearings. (*See* ECF 34, Pl.'s Reply Mem at 8.)

I agree that Defendant's failure to timely advise Plaintiff that it would not be contesting either action (*see* ECF 22, Cuddy Decl. ¶¶ 38-39, 56) necessitated CLF's preparations for hearings in both matters. However, several factors counsel a reduction in hours: the relatively straightforward nature of the relief sought (requests for findings that the children had not been provided with FAPEs and that the parent's unilateral placement of the children be approved and paid for); CLF's similar requests in other cases, *see, e.g., J.G.,* 2024 WL 728626 (seeking tuition for unilateral placement); *N.G.B.*, 2023 WL 2711753 (seeking tuition for Gersh Academy); and Plaintiff's similar requests in prior years (*see* ECF 27, Goldman Decl. ¶¶ 10, 14, 21). I recommend that Your Honor apply an across-the-board 20% reduction to the hours billed for the two administrative proceedings. *See H.A. v. New York City Dep't of Educ.*, No. 20-CV-10785 (PAE), 2022 WL 580772, at *10 (S.D.N.Y. Feb. 25, 2022) ("A 20% reduction is synchronous with the reductions in the firm's compensable hours that courts in this District have made, including in IDEA cases far more complex than this, in the interest of assuring that the fee award captures only reasonably incurred work.").

### b.  Federal Litigation

Plaintiff seeks $14,737.00 in attorneys' fees and costs for 31.6 hours of work performed in this matter. (*See* ECF 22, Cuddy Decl. at 26.) I believe the time billed is excessive. The Cuddy Declaration and the Memorandum of Law in Support of Plaintiff's Summary Judgment Motion are very similar to filings by CLF in other IDEA attorneys' fees cases (*see, e.g.,* ECF 29, Moraru

18

Decl. ¶ 7), yet Mendillo billed over 16 hours working on the memorandum of law and supporting declaration (*see* ECF 22-21, Cuddy Decl. Ex 21 (Invoice) at 6-7). That the filings in this matter were copied and pasted from documents used in other cases is evident from the reference to "Z.H." in Plaintiff's opening brief (*see* ECF 23, Pl.'s Mem. at 1), apparently a relic from an earlier case with a different plaintiff. Adapting briefs and declarations from other IDEA attorneys' fees cases (in sloppy fashion) for this matter should not have taken over 16 hours of attorney time. The inconsistencies in the papers about which child was the subject of which administrative proceeding similarly reflect a lack of care that suggest inflated billing. I recommend making an across-the-board 50% reduction for all time billed in this action.

3.  Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(I)). Plaintiff seeks $405.18 in costs in connection with the first administrative proceeding, $228.35 in costs for the second administrative proceeding, and $402 in costs in connection with the federal action; these amounts included $588 in printing fees, at a cost of $.50 per page. (*See* ECF 22, Cuddy Decl. at 25-26; ECF 22-19, Cuddy Decl. Ex. 19 (Invoice); ECF 22-20, Cuddy Decl. Ex. 20 (Invoice).) The charge for printing is excessive, and Plaintiff should be limited to recovery of ten cents per page, *see, e.g., M.M.,* 2022 WL 3043218, at *10, for a total of $117.60 in printing costs. The amounts requested otherwise fall within a reasonable scope of costs deemed compensable. *See, e.g., S.F.*, 2023 WL 4531187, at *12 (finding $402 in costs consisting of the filing fee to be compensable); *J.G.*, 2024 WL 728626, at *13 (finding $262.12 in costs at the administrative level

to be reasonable). Therefore, I recommend that Your Honor should award Plaintiff costs in the amount of $565.13.

4. IDEA Fee Cap

Defendant contends that the IDEA fee cap is applicable in this case as of service of its settlement offer of $31,800. (*See* ECF 32, Def.'s Opp. at 7-8.) The IDEA provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). Therefore, "a plaintiff may not recover fees or costs for services performed after receipt of a written offer of settlement that exceeds the relief awarded." *S.F.*, 2023 WL 4531187, at *13 n.15.

On October 11, 2023, Defendant made a settlement offer to Plaintiff for $31,800. (*See* ECF 29, Moraru Decl. Ex. 1. (Written Offer).) Defendant argues that the fee cap should apply if the Court finds that the Plaintiff was entitled to an award of less than $31,800 as of the date of the settlement offer. (*See* ECF 32, Def.'s Opp. at 7-8.) I conclude that the fee cap should not apply to Plaintiff's fees, because the "relief obtained for pre-Offer attorneys' fees . . . is more favorable than the amount offered by [Defendant] for the same period . . . ." *J.A. v. New York City Dep't of Educ.*, No. 22-CV-9454 (VEC), 2023 WL 7273742, at *3 (S.D.N.Y. Nov. 3, 2023).

CLF billed its final time entry for the KR.A. administrative proceeding on June 30, 2023 (*see* ECF 22, Cuddy Decl. Ex. 19 (Billing Invoice)); and for the second administrative proceeding on March 2, 2023. (*See* ECF 22, Cuddy Decl. Ex. 20 (Billing Invoice).) As of October 11, 2023, CLF

had already begun working on this action and would have been entitled to $32,043.40 in fees for the work performed for both administrative proceedings; that amount does not include any of the work performed for this action prior to the date of the settlement offer. Because this amount is higher than the settlement offer of $31,800, the fee cap does not apply. Therefore, CLF can recover for fees and costs incurred after the date of the settlement offer.

### 5. Post-Judgment Interest

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (*See* ECF 23, Pl.'s Mem. at 25.) Plaintiff's request for post-judgment interest should be granted because "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *S.J. v. New York City Dep't of Educ.*, No. 20-CV-1922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan. 12, 2021) (internal quotation marks and citation omitted).

6. Summary of Recommended Award for Fees

I set forth in the charts below a summary of the recommended fees to be awarded:

| KR.A. ADMINISTRATIVE PROCEEDING | | | | | |
|---|---|---|---|---|---|
| Attorney/Paralegal | Recommended Hourly Rate | Number of Hours Billed | Number of Non-Excluded Hours | Non-Excluded Hours Reduced by 20% | Total Fees (Non-Excluded Reduced Hours x Hourly Rate) |
| Andrew Cuddy (attorney) | $400.00 | 3.1 | 3.1 | 2.48 | $992.00 |
| Michael Cuddy (attorney) | $400.00 | 20.6 | 20.6 | 16.48 | $6,592.00 |
| Britton Bouchard (attorney) | $200.00 | 3.4 | 3.4 | 2.72 | $544.00 |
| John Cuddy (attorney) | $200.00 | 53 | 53 | 42.4 | $8,480.00 |
| Cailin O'Donnell (paralegal) | $110.00 | 9 | 9 | 7.2 | $792.00 |
| ChinaAnn Reeve (paralegal) | $110.00 | 10 | 10 | 8 | $880.00 |
| Shobna Cuddy (senior paralegal) | $125.00 | 3.6 | 3.6 | 2.88 | $360.00 |
| **FEES – SUBTOTAL** | | | | | **$18,640.00** |

22

| KA.A. ADMINISTRATIVE PROCEEDING | | | | | |
|---|---|---|---|---|---|
| Attorney/Paralegal | Recommended Hourly Rate | Number of Hours Billed | Number of Non-Excluded Hours | Non-Excluded Hours Reduced by 20% | Total Fees (Non-Excluded Reduced Hours x Hourly Rate) |
| Andrew Cuddy (attorney) | $400.00 | 2.6 | 2.6 | 2.08 | $832.00 |
| Michael Cuddy (attorney) | $400.00 | 12.7 | 12.7 | 10.16 | $4,064.00 |
| Britton Bouchard (attorney) | $200.00 | 1.1 | 1.1 | .88 | $176.00 |
| John Cuddy (attorney) | $200.00 | 45.8 | 45.8 | 36.64 | $7,328.00 |
| Cailin O'Donnell (paralegal) | $110.00 | 4.5 | 4.5 | 3.6 | $396 |
| ChinaAnn Reeve (paralegal) | $110.00 | 4.7 | 4.7 | 3.76 | $413.60 |
| Shobna Cuddy (senior paralegal) | $125.00 | 2.2 | 2.2 | 1.76 | $220.00 |
| **FEES – SUBTOTAL** | | | | | **$13,429.60** |

| FEDERAL ACTION | | | | | |
|---|---|---|---|---|---|
| Attorney/Paralegal | Recommended Hourly Rate | Number of Hours Billed | Number of Non-Excluded Hours | Non-Excluded Hours Reduced by 50% | Total Fees (Non-Excluded Reduced Hours x Hourly Rate) |
| Andrew Cuddy (attorney) | $200.00 | 2.5 | 2.5 | 1.25 | $250.00 |
| Kenneth Bush (attorney) | $200.00 | 2.7 | 2.7 | 1.35 | $270.00 |
| Kevin Mendillo (attorney) | $200.00 | 20.9 | 20.9 | 10.45 | $2090.00 |
| Kevin Mendillo (attorney)(paralegal work) | $125.00 | 1 | 1 | .5 | $62.50 |
| Shobna Cuddy (senior paralegal) | $125.00 | 1.4 | 1.4 | .7 | $87.50 |
| Cailin O'Donnell (paralegal) | $110.00 | 2.1 | 2.1 | 1.05 | $115.50 |
| ChinaAnn Reeve (paralegal) | $110.00 | 1 | 1 | .5 | $55.00 |
| **FEES – SUBTOTAL** | | | | | **$2,930.50** |

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff be awarded a total of $35,565.23 ($18,640.00 for fees in the KR.A. administrative action, $13,429.60 for fees in the KA.A. administrative action, and $2,930.50 for fees in this action, plus $565.13 in costs), plus post-judgment interest.

Dated: June 3, 2024
    New York, New York

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Requests for extensions of time for filing objections must be addressed Judge Caproni.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).