UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

R.R., individually and on behalf of KR.A. and
KA.A., children with a disability,

                                          Plaintiff,

               -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                      Defendant.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/8/2025___

23-CV-4494 (VEC)

<u>OPINION & ORDER</u>

VALERIE CAPRONI, United States District Judge:

      Plaintiff R.R. sued the New York City Department of Education ("DOE") pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA") to recover fees associated with two administrative proceedings. *See* Compl., Dkt. 1. On October 11, 2023, DOE made a written offer of settlement of $31,800, which Plaintiff rejected. *See* Moraru Decl., Dkt. 29, Ex. 1. On January 19, 2024, Plaintiff moved for summary judgment, Dkt. 17, seeking $83,228.03 for legal fees and costs, plus post-judgment interest, associated with Plaintiff's IDEA claims. *See* Cuddy Decl., Dkt. 22, at 26; *see also* Report & Recommendation ("R&R"), Dkt. 36, at 5. On December 6, 2023, this case was referred to a magistrate judge for general pretrial supervision and the preparation of an R&R on dispositive motions. *See* Dkt. 16. On December 7, 2023, the case was assigned to Magistrate Judge Robyn F. Tarnofsky.

      On June 3, 2024, Magistrate Judge Tarnofsky entered an R&R on Plaintiff's fee motion, recommending that the Court grant Plaintiff's motion in part and award Plaintiff $35,565.23 in attorneys' fees and costs: $18,640 and $13,429.60 for the administrative proceedings, respectively; $2,930.50 for this action; and $565.13 in costs. R&R at 1, 24. Both parties

1

objected to the R&R.  *See* Pl. Obj., Dkt. 38; Def. Obj., Dkt. 37.[1]  For the foregoing reasons, the R&R is ADOPTED in full.

**DISCUSSION**

**I.**     **Legal Standard**

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, 92-CV-6090 (CSH), 1999 WL 45981, at *4 (S.D.N.Y. June 29, 1999), but "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)-(C).  A district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate."  *Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019).  Then, the district court "multipl[ies] the number of hours reasonably expended on the litigation times [the] reasonable hourly rate, resulting in a figure" that the Second Circuit has dubbed "the 'presumptively reasonable fee.'"  *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022)

---

[1]     On August 2, 2024, the Court stayed this case pending the Second Circuit's decision in *Y.G. et al. v. New York City Department of Education*, No. 22-1184 (2d Cir.).  *See* Dkt. 41.  On October 9, 2025, the parties informed the Court that the Second Circuit had rendered decision on all appeals that had not been withdrawn, that the mandate issued on October 3, 2025, and that there is no new guidance on the issues presented in the pending fee motion.  *See* Dkt. 45.  The parties also requested that the Court lift the stay in this case and resolve the pending motion.  *Id.*  The Court lifted the stay on October 10, 2025.  *See* Dkt. 46.

2

(internal citations omitted).  The R&R adhered to this formula in recommending the fees to be awarded in this case.  *See* R&R at 9–24.

**II.      The Court Adopts the R&R in Full**

Given the parties' objections, the Court conducted a *de novo* review of the recommended fee award.  Following its *de novo* review, the Court adopts the R&R in full.  Plaintiff is awarded $35,565.23 in fees and costs, plus post-judgment interest.  In short, the Court agrees with the R&R that the hourly rates for attorneys at the Cuddy Law Firm ("CLF") – and their total hours billed – should be reduced significantly.  Plaintiff's and DOE's various objections to the R&R are overruled.

**A.      The Parties' Objections to the Recommended Hourly Rates Are Overruled**

The R&R recommends hourly rates for CLF personnel as follows: $400/hour and $200/hour for Andrew Cuddy (senior attorney) for the administrative proceedings and federal litigation, respectively; $400/hour for Michael Cuddy (senior attorney); $200/hour and $125/hour for Kevin Mendillo (attorney) for legal work and paralegal work, respectively; $200/hour for Kenneth Bush (attorney); $200/hour for Britton Bouchard (attorney); $200/hour for John Cuddy (attorney); $125/hour for Shobna Cuddy (senior paralegal); and $110/hour for all other paralegal work.  R&R at 12–17.

*i.   Plaintiff's Objections*

Seven of Plaintiff's eight objections relate to the R&R's recommended hourly rates. Plaintiff first argues that, in determining the appropriate fee ranges, the R&R should have relied, perhaps exclusively, on the rates awarded to CLF attorneys in *J.H. v. New York City Department of Education*, No. 23-CV-4753 (AKH), 2024 WL 2330462 (S.D.N.Y. May 21, 2024).  Pl. Obj. at 1–3.  This argument is not compelling.  That Plaintiff can point to an instance in which a judge in

this District awarded higher rates than the R&R recommends does not detract from the R&R's well-reasoned fee-rate analysis, which relied, in part, on a plethora of analogous cases.  *See* R&R at 9–24.  Moreover, the *J.H.* decision does not bind the Court.  *See, e.g.*, *M.D. v. N.Y.C. Dep't of Educ.*, 21-CV-09180 (LGS), 2023 WL 2557408, at *5 (S.D.N.Y. Mar. 17, 2023) ("Prior determinations, even for the same attorneys, are not binding.").  Further still, in another case involving CLF, Judge Ho recently rejected this same argument before ultimately awarding CLF some of the rates that the R&R recommends.  *See M.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-6714 (DEH), 2025 WL 2959348, at *2 (S.D.N.Y. Oct. 20, 2025) (slip op.).  As such, the Court finds no error in the R&R's assessment of the appropriate fee range and agrees that the recommended rates are reasonable.

Plaintiff then argues that, in determining CLF's reasonable hourly rates, the R&R incorrectly applied virtually every applicable factor set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 714–19 (5th Cir. 1974).  *See* Pl. Obj. at 3–6.  These arguments, too, are not compelling.  As a threshold matter, the R&R "consider[ed] all *Johnson* factors and specifically refer[ed] to those most relevant in this case."  R&R at 10.  The R&R states:

> Several of the *Johnson* factors counsel against an award at the high end of the relevant fee ranges: Plaintiff has not shown that these matters are time and labor intensive compared to other special education maters; the legal issues are not particularly novel or difficult and therefore the matters do not require particularly skilled lawyers; there do not appear to have been significant time limitations; Plaintiff has not demonstrated the undesirability of the matters by showing that CLF forewent more lucrative work to take them on; Plaintiff had a long-term professional relationship with CLF; and as set forth below, hourly rates approved as reasonable in similar cases were not at the high end of the relevant ranges[.]

R&R at 11 (internal citations omitted).  The R&R's conclusions as to the *Johnson* factors are supported throughout; the R&R repeatedly discusses "the straightforward nature of the relief sought" and "CLF's similar requests in other cases."  R&R at 18; *see also id.* at 11–12, 17–19.

4

Further still, the R&R's survey of cases to justify the rates it found to be reasonable is compelling evidence that the R&R correctly applied the *Johnson* factors and appropriately assessed a rate based on a hefty corpus of analogous (or distinguishable) precedent.  In any event, "[a] district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (internal citations and quotation marks omitted).  Minor quibbles with the R&R's incorporation and application of the *Johnson* factors do not support sustaining Plaintiff's threadbare objections.  Upon *de novo* review, the Court finds no error with the way the R&R applied the relevant *Johnson* factors (*i.e.*, time and labor required,[2] novelty and difficulty of the case, necessary skill, undesirability of the work, and the impact of long-term clients).

Next, Plaintiff objects to the limitations the R&R placed on certain evidence that Plaintiff provided in support of CLF's requested fees. Pl. Obj. at 6–7.  This argument is meritless. Plaintiff's contention that the R&R's review of the evidence was "piecemeal" is contradicted by the text of the R&R, which thoroughly explains the sources considered – and why materials submitted by Plaintiff were not particularly useful.  *See* R&R at 11–12.  The R&R also places the correct amount of weight (that is, very little) on the various pieces of evidence Plaintiff supplies in support of CLF's fees. *See id.* at 11–12 (noting, correctly, that the Court "has previously found each of [Plaintiff's additional sources] to be 'problematic'" (citing *J.G. v. New York City Dep't of Educ.*, 719 F. Supp. 3d 293, 305–06 (S.D.N.Y. 2024)).  And, although not specifically

---

[2] On this point, Plaintiff argues that "[l]awyers do not come from cookie cutters," and that the R&R's "cursory" conclusions as to time and labor should be rejected on that basis. Pl. Obj. at 3–4 (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)). Ironically, the R&R describes Plaintiff's briefing as "sloppy," noting that one brief appears to have been "copied and pasted from documents used in other cases" and includes a typo indicating "a relic from an earlier case with a different plaintiff." R&R at 19. Thus, while the Court agrees that lawyers do not come from cookie cutters, it seems that Plaintiff's memoranda may.

referenced in the R&R's "other evidence" discussion, a *de novo* review of the Ebenstein

declaration, Dkt. 18, and Delforte declaration, Dkt. 19, does not persuade the Court that different

fee rates are justified, especially when one considers the numerous other factors and precedents

expressly considered by the R&R.[3]

### ii. *DOE's Objections*

DOE's primary objection, on the other hand, is that the R&R recommends "hourly rates

that are excessive when compared to other recent decisions in this district adjudicating fees and

cost applications under the" IDEA. Def. Obj. at 1. DOE takes issue with the R&R's

recommended hourly rates for three CLF attorneys specifically: Andrew and Michael Cuddy

($400/hour) and John Cuddy ($200/hour (for legal work)). *Id.* at 2. In support of its objection,

DOE points to a handful of cases in which "other judges in this District" applied lower rates "to

the[se] same billers for the same years at issue here." *Id.*; *see also, e.g.*, *E.W. v. N.Y.C. Dep't of

Educ.*, No. 21-CV-11208 (VEC) (GWG), 2023 WL 4883324 (S.D.N.Y. July 31, 2023) (awarding

Andrew and Michael Cuddy $375/hour for work on two minimally contested proceedings).

The authorities that DOE cites are helpful datapoints, but they are by no means

dispositive. Indeed, as previously discussed, Plaintiff can (and did) point to at least a few cases,

also recent, that cut in the opposite direction. *See* Pl. Obj. at 1–3 (citing *J.H.*, 2024 WL 2330462,

at *2). The Court's review of the relevant precedent confirmed the same general variance. *See

generally R.R. v. N.Y.C. Dep't of Educ.*, No. 23-CV-04494 (VEC) (RFT), 2024 WL 6046877, at

*6–7 (S.D.N.Y. June 3, 2024) (recommending rates of $400/hour for administrative proceedings

and $200/hour for federal proceeding for Andrew Cuddy and $400/hour for Michael Cuddy);

---

[3]     Notwithstanding Plaintiff's allegations, Pl. Obj. at 6, it is not at all clear that the Magistrate Judge failed to
review the declarations as part of her analysis. Both declarations are referenced in the "procedural history" section
of the R&R. *See* R&R at 5.

*D.S. v. N.Y.C. Dep't of Educ.*, No. 22-CV-10641 (GHW), 2024 WL 2158583, at *1 (S.D.N.Y. May 14, 2024) (adopting recommendation and awarding Andrew Cuddy rate of $400/hour); *S.C. v. N.Y.C. Dep't of Educ.*, No. 23-CV-1266 (LGS), 2024 WL 3518522, at *3–5 (S.D.N.Y. July 24, 2024) (adopting recommendation and awarding Andrew Cuddy rate of $425/hour); *T.P. v. N.Y.C. Dep't of Educ.*, No. 22-CV-09413 (PAE), 2024 WL 986587, at *7 (S.D.N.Y. Mar. 7, 2024) (awarding Andrew Cuddy rate of $400/hour per hour where "liability is essentially uncontested"); *J.G.*, 719 F. Supp. 3d at 309 (awarding Andrew and Michael Cuddy rate of $400/hour as the "$500/$600 hourly rate sought . . . is well above what a reasonable client would pay").

The Court is also skeptical of DOE's repeated assertions that this case is analogous to those that are "completely uncontested." Def. Obj. at 4 (citing *F.N. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11177 (MKV), 2024 WL 1348637 (S.D.N.Y. Mar. 29, 2024) (awarding Andrew Cuddy rate of $375/hour for work on uncontested administrative matter)). While it's true that DOE ultimately chose not to contest liability in the administrative proceedings, the R&R was right to note that "DOE's decision not to attend the hearing was made at the last minute and did not relieve CLF of the need to prepare for those hearings." R&R at 18; *see also* Pl. Opp., Dkt. 39, at 1–2 (describing CLF's preparation for the various administrative hearings and DOE's failure to provide "prior notice concerning its plans for [the] hearing[s]").[4] In any event, uncontested proceedings are not the fee-rate panacea that DOE seems to suggest: just two months ago, Andrew and Michael Cuddy were awarded rates of $400/hour, and John Cuddy a rate of $200/hour, for work on virtually uncontested matters that took place at the same time as the

---

[4]       The Court encourages DOE to make the determination earlier in the process if it does not intend to appear and to contest the claim. It also encourages DOE to inform its adversary as soon as it makes that decision to avoid the unnecessary expenditure of time and resources.

7

proceedings at issue here.  *See M.H.*, 2025 WL 2959348, at *2; *see also, e.g.*, *S.S. (1) v. N.Y.C. Dep't of Educ.*, No. 23-CV-08913 (MMG), 2025 WL 720512, at *4 (S.D.N.Y. Mar. 6, 2025) (slip op.) (awarding Andrew and Michel Cuddy $410/hour where "underlying administrative proceeding involved a single hearing in which DOE did not even present a case").[5]

\* \* \*

At bottom, "in setting a reasonable hourly rate," a district court "exercise[s] . . . considerable discretion."  *Arbor Hill Concerned Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  For all the reasons stated herein, upon *de novo* review, the parties' objections to the recommended fee rates are overruled, and the Court adopts the fee rates proposed in the R&R.[6]

### B.    Plaintiff's Objection to the Recommended Hours Reduction is Overruled

Plaintiff's final objection to the R&R relates to the R&R's recommended reductions to hours billed.  Specifically, Plaintiff argues that "[b]ecause the R&R applied the incorrect standards to the *Johnson* factors and evidence when reviewing the rates . . . the [R&R's] recommended reductions are based upon similarly faulty findings and should be rejected."  Pl. Obj. at 7.  This argument fails.  As previously stated, the standards applied in the R&R are sound.  Moreover, "[a] district court may exercise its discretion and use a percentage deduction

---

[5]    Also of note, in *M.H.*, Magistrate Judge Aaron conducted an intensive review of "published decisions available on Westlaw and Lexis" involving CLF and found that courts in this District recommended awarding senior CLF attorneys a rate of approximately $414/hour, on average, in 2024.  *M.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-06714 (DEH) (SDA), 2024 WL 5715891, at *6 & n.10 (S.D.N.Y. July 18, 2024) (collecting cases), *report and recommendation adopted as modified*, *M.H.*, 2025 WL 295934, at *1.

[6]    Premised on the argument that Andrew Cuddy, Michael Cuddy, and John Cuddy should be billed at lower rates, DOE also argues that the IDEA fee cap should apply in this case.  Def. Obj. at 5–7.  Having found that the R&R's recommended rates are reasonable, however, the Court need not address this argument; the IDEA fee cap does not apply here.  *See* R&R at 20–21.  Nevertheless, it is worth noting that the difference between the eminently reasonable offer of settlement from DOE ($31,800) and the compensable fees for CLF work on the administrative cases ($32,043.40) is $243.40.  R&R at 21.  The absurdity of pursuing this litigation over $243.40 is self-evident.

as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (alteration in original) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). The Court agrees with the R&R's conclusion that the minimal complexity of the proceedings and CLF's experience handling similar matters militates in favor of an across-the-board reduction to hours billed. *See* R&R at 18–19. The Court has reviewed Plaintiff's billing materials and relevant submissions, *see* Dkt. 22 (collecting materials) and, on *de novo* review, adopts the R&R's recommendation that Plaintiff's hours billed in the administrative proceedings be reduced by 20% and that time billed in the federal action be reduced by 50%.

**CONCLUSION**

For the foregoing reasons, the R&R is ADOPTED in full, and the parties' respective objections are OVERRULED. Plaintiff's motion is GRANTED in part. Plaintiff is awarded $35,565.23 in attorneys' fees and costs, plus post-judgment interest. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 17, to enter judgment for Plaintiff consistent with this Order, and to close this case.

**SO ORDERED.**

Date:  December 8, 2025
      New York, NY

                                    **VALERIE CAPRONI**
                                  **United States District Judge**